IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00534-GPG

JOHN W. PEROTTI,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
WARDEN CHARLIE DANIELS,
RN M. ANDREIS,
PA BRAD R. CINK,
DR. GARY ALLRED,
AW JOHNSON,
HSA COLLINS, and
RN SERBY,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, John W. Perotti, is a prisoner in the custody of the Federal Bureau of Prisons. He currently is incarcerated at the Federal Correctional Institution at Greenville, Illinois. Mr. Perotti has filed *pro se* an amended complaint (ECF No. 8) on the court-approved Prisoner Complaint form asserting claims pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"). He seeks damages and declaratory relief.

    The court must construe the Prisoner Complaint liberally because Mr. Perotti is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Perotti will be

ordered to file a second amended complaint.

Mr. Perotti asserts three constitutional claims in the Prisoner Complaint that stem from alleged denials of medical care while he was incarcerated at a federal prison in Florence, Colorado. Mr. Perotti also asserts two of the three claims against the United States pursuant to the FTCA. He specifically alleges in claim one that his prescribed seizure medications were discontinued while he was housed in the special housing unit. Claim one is asserted against five of the seven individual Defendants and the United States. He alleges in claim two, which is asserted against all seven individual Defendants, that prescribed pain medications were discontinued when he was transferred to the Florence prison. Mr. Perotti alleges in claim three that he was denied adequate medical treatment for a broken arm. He asserts claim three against six of the seven individual Defendants and the United States.

The Prisoner Complaint is deficient because, with respect to his constitutional claims against the individual Defendants, Mr. Perotti fails to allege specific facts that demonstrate each named Defendant personally participated in the asserted constitutional violations. *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential"). Merely making vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at

1110. Furthermore, neither the court nor the Defendants are required to guess in order to determine what specific claims are being asserted and what specific factual allegations support each claim. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

For these reasons, Mr. Perotti will be directed to file a second amended complaint. Mr. Perotti must identify the specific claims he is asserting, the specific factual allegations that support each claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). "Under *Bivens*, an individual has a cause of action against a federal official in his individual capacity for damages arising out of the official's violation of the United States Constitution under color of federal law or authority." *See Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000). To the extent Mr. Perotti is naming supervisory officials as defendants, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Although a defendant can be liable in a *Bivens* action

based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind.  *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).  Accordingly, it is

ORDERED that Mr. Perotti file, **within thirty (30) days from the date of this order**, a second amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Perotti shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Perotti fails to file a second amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED May 28, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge