IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00534-MSK-MJW

JOHN W. PEROTTI,

Plaintiff,

v.

UNITED STATES OF AMERICA,
WARDEN CHARLIE DANIELS,
DR. DAVID ALLRED,
R.N. M. ANDREIS,
AW JOHNSON,
HSA COLLINS,
ESTATE OF BRAD CINK, and
R.N. SERBY,

Defendants.

---

# RECOMMENDATION OF DISMISSAL AS TO THREE UNSERVED DEFENDANTS FOR FAILURE TO SERVE AND FAILURE TO PROSECUTE

---

Entered by Magistrate Judge Michael J. Watanabe

The above-captioned case was referred to Magistrate Judge Michael J. Watanabe pursuant to an Order of Reference issued by Chief Judge Marcia S. Krieger on November 17, 2015 (Docket No. 43).

This action was commenced in the United States District Court for the Middle District of Pennsylvania over three years ago. It was transferred to this District nine months ago, yet three of the defendants, Andreis, Johnson, and Estate of Brad Cink, have not been served.

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).  In addition, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or court order.  If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

On September 8, 2015, I issued an Order to Show Cause directing plaintiff to show cause why the case should not be dismissed as against the unserved defendants for failure to prosecute and failure to serve.  (Docket No. 27).  A Show Cause Hearing was set on November 16, 2015, at 10:00 a.m.  At that hearing, the Order to Show Cause was vacated as to four defendants who had waived service (Docket No. 34) and continued to December 14, 2015, at 9:30 a.m. as to defendants Andreis, Johnson, and Estate of Brad Cink, who had still not yet been served.  I noted at that time that the last known addresses for defendants Andreis and Johnson were provided to the United States Marshal Service on or about November 9, 2015.  The Marshal Service was thus directed to serve or attempt to attempt to serve the Summons and Third Amended Complaint (Docket No. 13) on defendants Andreis and Johnson at the addresses which were provided by the Office of the U. S. Attorney.  (See Docket Nos. 40 and 46).  At the December 14 hearing, the Order to Show Cause was made absolute as to the three defendants who remain unserved.  (Docket No. 55).

Based upon the foregoing, it is hereby

**RECOMMENDED** that the claims against defendants Andreis, Johnson, and Estate of Brad Cink be dismissed pursuant to Fed. R. Civ. P. 4(m) and/or D.C.COLO.LCivR 41.1 for failure to serve the defendants and failure to prosecute.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  December 15, 2015         s/ Michael J. Watanabe
       Denver, Colorado          Michael J. Watanabe
                                 United States Magistrate Judge